UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61888-CIV-SCOLA/ROSENBAUM

ANNETTE ECCLES,

        Plaintiff,

v.

BROWARD COUNTY HEALTH
DEPARTMENT,

        Defendant.
_____/

**ORDER**

This matter is before the Court upon Non-party Florida Commission on Human Relations's Amended Motion to Quash and Motion for Protective Order [D.E. 12], upon referral by the Honorable Robert N. Scola, Jr. *See* D.E. 16. The Court has reviewed the Amended Motion and Defendant Broward County Health Department's Response [D.E. 13]. Plaintiff Eccles has chosen not to file a response, and the Florida Commission on Human Relations has not filed a reply.

In its Amended Motion, the Florida Commission on Human Relations ("FCHR") seeks to quash a subpoena *duces tecum* for records pertaining to Plaintiff Annette Eccles. Defendant Broward County Health Department seeks the records at issue in the course of defending against Plaintiff Eccles's charges in this case of discrimination, which Plaintiff originally filed with the FCHR and the Equal Employment Opportunity Commission ("EEOC"). The FCHR objects to the subpoena on several grounds and states that it has "no [responsive] documents in [its] custody or control." D.E. 12 at ¶ 4.

In response, Defendant Broward County Health Department first points out the FCHR made no good-faith effort to resolve the dispute before filing the Amended Motion. And, a review of the Amended Motion reveals that it states only that "a good[-]faith effort *will be made* to resolve the issues above." D.E. 12 at 2 (emphasis added). Local Rule 7.1(a)(3), S.D. Fla., however, is entitled, "*Pre-filing* Conferences Required of Counsel," and requires counsel "*[p]rior to filing any motion* in a civil case . . . [to] make reasonable effort to confer (orally or in writing), with all parties . . . who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." (emphasis added). Among other functions, Local Rule 7.1 serves the purpose of attempting to avoid unnecessary expenditure of judicial resources resolving motions that are not opposed. Here, Defendant's Response to the FCHR's Amended Motion suggests that the Amended Motion represents precisely the type of dispute that would benefit from — and quite possibly be resolved by — a pre-filing conference such as that required by the Local Rules, without the need for judicial intervention. Regardless, though, Local Rule 7.1(a)(3) is not optional, and counsel are obligated to comply with it before filing motions subject to the rule.

Among other remedies, Local Rule 7.1(a)(3) authorizes the Court to deny motions where counsel have failed to comply with the pre-filing conference requirement. Particularly in light of the Broward County Department of Health's representations regarding its willingness to work with the FCHR in resolving the dispute underlying the pending Amended Motion, the Court finds that denial of the FCHR's Amended Motion for failure to comply with Local Rule 7.1(a)(3), S.D. Fla., is appropriate. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Non-party Florida

Commission on Human Relations's Amended Motion to Quash and Motion for Protective Order [D.E. 12] is **DENIED**.

**DONE AND ORDERED** this 22nd day of November 2011.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Robert N. Scola, Jr.
      Counsel of Record